IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHWESTERN DIVISION

| | | |
|---|---|---|
| **MICHAEL HARRIS,** | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | Case No. 11-5081-CV-SW-RED |
| | ) | Crim No. 04-5030-01-CR-SW-RED |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| Respondent. | ) | |

## ORDER

Before the Court is Petitioner Michael Harris's ("Harris") Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (Doc. 1), Government's Motion to Dismiss, and Suggestions in Opposition to Movant's § 2255 Motion (Doc. 4) and Movant's Reply to Government's Motion to Dismiss and Suggestions in Opposition to Movant's § 2255 Motion (Doc. 6). For the following reasons, the Court **GRANTS** Respondent's motion and, accordingly, **DISMISSES** Petitioner's § 2255 motion.

## BACKGROUND

On October 14, 2004, a federal grand jury issued a one-count indictment charging Harris with possession of a firearm after being convicted of seven felony offenses, in violation of 18 U.S.C. § 922(g)(1) and 924(e)(1) and (2)(B). The indictment identified each of seven predicate convictions, including three convictions for second degree burglary and a conviction for arson. On July 7, 2009, Harris pleaded guilty to the indictment pursuant to a written plea agreement. On September 20, 2006, this Court sentenced Harris to 155 months and 16 days of imprisonment (which reflected an adjustment pursuant to 5G1.3(b) for time served in Vernon County) followed by five years of supervised release. The Court issued its judgment and commitment on

September 25, 2006. Because Harris did not file a direct appeal, his conviction was final on October 10, 2006. Harris filed his § 2255 motion on August 24, 2011, when he placed his motion in the prison system mail.

## ANALYSIS

**I.     Petitioner's § 2255 motion was untimely filed.**

28 U.S.C. § 2255(f)(1) states that a § 2255 motion must be filed within one year of "the date on which the judgment of conviction becomes final." The Court issued its judgment and commitment on September 25, 2006. The deadline for Harris to file his notice of appeal was fourteen days after the entry of the judgment, on October 10, 2006. Fed. R. App. Proc. 4(b)(1)(A)(I). As Harris did not file his notice of appeal by October 10, 2006, his conviction and sentence became final on that date. Therefore, Harris had until October 10, 2007 to file his § 2255 motion. Harris did not file his § 2255 motion until August 24, 2011, however.

Section 2255(f)(3) provides that a § 2255 motion may be filed within one year of "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." Petitioner's § 2255 motion relies upon two Supreme Court cases which have been issued since he was sentenced, *Begay v. United States*, 553 U.S. 137 (2008) and *Chambers v. United States*, 555 U.S. 122 (2009). *Begay* was decided on April 16, 2008. *Chambers* was decided on January 13, 2009. Therefore, even if *Begay* and/or *Chambers* were relevant to Petitioner's claims, Petitioner's motion was not filed within a year of these Supreme Court decisions.

Exceptions to the one-year period stated in § 2255(f) are granted only in "extraordinary

2

September 25, 2006. Because Harris did not file a direct appeal, his conviction was final on October 10, 2006. Harris filed his § 2255 motion on August 24, 2011, when he placed his motion in the prison system mail.

## ANALYSIS

**I.     Petitioner's § 2255 motion was untimely filed.**

28 U.S.C. § 2255(f)(1) states that a § 2255 motion must be filed within one year of "the date on which the judgment of conviction becomes final." The Court issued its judgment and commitment on September 25, 2006. The deadline for Harris to file his notice of appeal was fourteen days after the entry of the judgment, on October 10, 2006. Fed. R. App. Proc. 4(b)(1)(A)(I). As Harris did not file his notice of appeal by October 10, 2006, his conviction and sentence became final on that date. Therefore, Harris had until October 10, 2007 to file his § 2255 motion. Harris did not file his § 2255 motion until August 24, 2011, however.

Section 2255(f)(3) provides that a § 2255 motion may be filed within one year of "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." Petitioner's § 2255 motion relies upon two Supreme Court cases which have been issued since he was sentenced, *Begay v. United States*, 553 U.S. 137 (2008) and *Chambers v. United States*, 555 U.S. 122 (2009). *Begay* was decided on April 16, 2008. *Chambers* was decided on January 13, 2009. Therefore, even if *Begay* and/or *Chambers* were relevant to Petitioner's claims, Petitioner's motion was not filed within a year of these Supreme Court decisions.

Exceptions to the one-year period stated in § 2255(f) are granted only in "extraordinary

2

circumstances" beyond a petitioner's control or if the Government's conduct "lulled" the movant to inaction. *United States v. Hernandez*, 436 F.3d 851, 858 (8th Cir. 2006). Petitioner alleges that the one-year time limit should be tolled due to his "actual innocence." In order for Petitioner's time limit to be tolled due to "actual innocence," Petitioner must "show some action or inaction on the part of the respondent that prevented him from discovering relevant facts in a timely fashion, or, at the very least, that a reasonably diligent petitioner could not have discovered these facts in time to file a petition within the period of limitations." *Flanders v. Graves*, 299 F.3d 974, 977 (8th Cir. 2002)(considering the applicability of an "actual innocence" claim in a § 2254 action); *See Reyna-Romero v. U.S.*, 2011 WL 768651 at *3 (N.D. Iowa 2011)("in order to toll the statute of limitations based on an 'actual innocence' claim, [Petitioner] must present evidence that he diligently pursued his claims but that the prosecution prevented him from taking any steps regarding his actual innocence claim or that he could not have discovered the facts within the one-year period for filing his § 2255 motion."). Petitioner has made no such showing. Accordingly, Petitioner's time limit should not be tolled due to his "actual innocence."

     Petitioner additionally alleges that the one-year time limit should be tolled due to his medical condition. The Eighth Circuit Court of Appeals has recognized that a "mental impairment can be an extraordinary circumstance justifying equitable tolling of the AEDPA's statute of limitations." *Nichols v. Dormire*, 11 Fed. Appx. 633, 634 (8th Cir. 2001). However, Petitioner does not allege a mental impairment. He alleges that he suffers from Cauda Equina Syndrome, which causes physical pain. Therefore, Petitioner's claim is not entitled to equitable tolling and, thus, is untimely filed and should be dismissed. *Campa-Fabela v. United States*, 339

3

F.3d 993 (8th Cir. 2003)(affirming the district court's decision to dismiss an untimely § 2255 petition).

**II.      The Court will not have an evidentiary hearing on Petitioner's claim.**

The Court will not conduct an evidentiary hearing on Petitioner's claims, as "the motion and the files and records of the case conclusively show that Petitioner is entitled to no relief."  28 U.S.C. 2255(b); *See also Watson v. United States*, 493 F.3d 960, 963 (8th Cir. 2007)("No [evidentiary] hearing is required where the claim is inadequate on its face or if the record affirmatively refuses the factual assertions upon which it is based.").

**III.     The Court will not grant a certificate of appealability on Petitioner's claim.**

The final issue is whether the Court should grant or deny a certificate of appealability.  If a § 2255 motion is denied on procedural grounds, a certificate of appealability should be granted only if the petitioner can show both " 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional rights *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.' " *Jimenez v. Quarterman*, 555 U.S. 113, 118 n.3 (2009) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)); *See also Nelson v. United States*, 297 F. App'x 563, 566 (8th Cir. 2008) (applying this standard in a § 2255 action).  In this case, Petitioner is procedurally barred from bringing his § 2255 claim.  Therefore, a certificate of appealability should not apply to his claim.  Therefore, the Court will not issue a certificate of appealability on any ground.

## CONCLUSION

For the above stated reasons, this Court **DISMISSES** Petitioner's § 2255 Motion as time

4

barred. Government's Motion to Dismiss, and Suggestions in Opposition to Movant's § 2255 Motion is **GRANTED**.

The Clerk of the Court is directed to mail a copy of this Order via certified mail, return receipt requested, at Michael Harris, Butner Federal Correctional Institution (Medium), Inmate Mail/Parcels, P.O. Box 1500, Butner, North Carolina 27509.

**IT IS SO ORDERED**.

DATED:   January 18, 2012                         */s/ Richard E. Dorr*
                                                  RICHARD E. DORR, JUDGE
                                                  UNITED STATES DISTRICT COURT